```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    NOT FOR PUBLICATION
-----------------------------------------------------------x
BRIAN ROBINSON,

                        Plaintiff,
                                                 MEMORANDUM AND ORDER
        -against-
                                                 09-CV-2852 (RJD)
CAMERON LINDSAY,
Warden of the Metropolitan Detention Center,

                        Defendant.
-----------------------------------------------------------x
DEARIE, Chief Judge:
```

On March 16, 2009, plaintiff Brian Robinson filed this *pro se* action in the United States District Court for the District of Maine. The action names as defendant Cameron Lindsay, the warden at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. The District Court for the District of Maine granted defendant's motion to change venue on June 18, 2009, and the case was received in this Court on June 22, 2009. Plaintiff's motion to proceed *in forma pauperis* is granted, and plaintiff is granted leave to submit an amended complaint complying with the following within thirty (30) days of the date of this Order.

## BACKGROUND

According to the complaint, plaintiff arrived at the MDC on or about September 25, 2007. (Complaint at 4.)[1] Plaintiff alleges that he requested a bottom bunk assignment, but that his request was denied. (Id.) He alleges that he suffers from medical conditions and that he had been deprived of required medications prior to his arrival. (Complaint at 4, 17.) He alleges that

---

[1] The pages of the original complaint are not numbered, and the numbered paragraphs do not run consecutively throughout the document. Accordingly, the Court refers to the page numbers assigned by the Electronic Case Filing System. These numbers run consecutively through the seven pages of the actual complaint and additional 17 pages of attached exhibits.

as a result of the deprivation of the medication, he was weak, dizzy, and disoriented, and that these conditions caused him to fall from the six-foot tall bunk on October 3, 2007. (Complaint at 4, 22.) Plaintiff further alleges that this fall caused serious and permanent injury. (Complaint at 4-5, 22.) He asserts that he received inadequate care for his injuries and a "total disregard of a human beings health, an a blaten diliberate [*sic*] indifference of care."(Complaint at 2, 4).

Plaintiff attaches several documents to his complaint. The first document was the initial injury report, completed immediately after the injury and describing small contusions and wounds and the administration of "minor first aid." (Complaint at 8.) In subsequent records, plaintiff reported severe pain in his neck, back, and leg. These records also indicate that plaintiff underwent radiology tests, a nerve conduction study, electromyogram, and an MRI. (Complaint at 12, 13, 15, 16.) Plaintiff appears to suggest that these documents demonstrate an initial lack of adequate care and an attempt to minimize the incident. (Complaint at 2.) Plaintiff also filed at least one claim for injury and request for administrative remedy. (Complaint at 17, 21-23.) The exhibits do not include any documents related to an ultimate resolution of this matter.

Plaintiff asserts claims under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Section 504(a) of the Rehabilitation Act, 29 U.S.C. § 794(a). He asserts that staff members at the MDC were deliberately indifferent to his serious medical needs in depriving him of his medication, failing to accommodate his condition by assigning a bottom bunk, and withholding appropriate medical care following the initial injury. He seeks a declaration that his constitutional rights were violated, an injunction requiring the Bureau of Prisons ("BOP") to institute an adequate classification system for bunk assignments, and "nomina [*sic*], compensatory and punitive damages." (Complaint at 7.) He demands

2

$10,000,000 in damages. (Complaint at 1.)

## DISCUSSION

A. Standard of Review

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a complaint if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). However, the Court is mindful that because plaintiff is proceeding *pro se*, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). Furthermore, his pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

B. The ADA and Rehabilitation Act Claims

Plaintiff asserts claims pursuant to Title II of the ADA and Section 504(a) of the Rehabilitation Act. Both of these provisions are unavailing in this case. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. However, a "public entity" is defined in the ADA as "a state or local government," or "department, agency, special purpose district, or other instrumentality of a State or States or local

3

government." 42 U.S.C. § 12131(1)(a) and (b). The federal government and federal agencies and employees are specifically excluded from liability under the ADA. See Cellular Phone Taskforce v. F.C.C., 217 F.3d 72, 73 (2d Cir. 2000). Accordingly, even if plaintiff could demonstrate that he had a disability as defined under the ADA, the BOP is not a "public entity" as defined by the Act, and thus there can be no liability under the ADA.

Plaintiff's Rehabilitation Act claim also fails. Section 504(a) of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency." 29 U.S.C. § 794(a). However, the Rehabilitation Act does not waive the federal government's sovereign immunity against claims for money damages, except in limited circumstances where a federal agency is acting as a Federal provider of financial assistance, which is not the case here. See Lane v. Pena, 518 U.S. 187, 193 (1996) (quoting Rehabilitation Act § 505(a)(2), 29 U.S.C. § 794a(a)(2)). Accordingly, there can be no claim for money damages under the Rehabilitation Act.

C. Constitutional Claims

Plaintiff's claim of deliberate indifference to his medical needs may suggest a possible violation of his constitutional rights under the Eighth Amendment. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (Eight Amendment "applies to prison officials when they provide medical care to inmates"). Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), permits recovery for some constitutional violations by federal agents, even in the absence of a statute conferring such a right. Carlson v. Green, 446 U.S. 14, 18 (1980).

4

Like actions brought against state officials pursuant to 42 U.S.C. § 1983, a plaintiff's Bivens claims must be brought against the individuals personally responsible for the alleged deprivation of his constitutional rights, not against the federal government or the agencies where they are employed. "Because the doctrine of *respondeat superior* does not apply in Bivens actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation." Thomas v. Ashcroft, 470 F.3d 491, 496 (2d Cir. 2006). A supervisory official is deemed to have been personally involved in a constitutional violation if that official directly participated in the infraction; if, after learning of a violation, he failed to remedy the wrong; if he created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue; or if he was grossly negligent in managing subordinates who caused the unlawful condition or event. Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986).

The only individual named in the caption of the complaint is Cameron Lindsay, the Warden of the MDC. Plaintiff has failed to demonstrate that this defendant was personally responsible for any of the alleged constitutional deprivations. Although he alleges that the Warden "is responsible for ensuring that his subordinates adhere to state and federal law" (Complaint at 3), he has failed to show that the warden participated in the alleged harm, was informed of the alleged wrong and had a responsibility to remedy it, created or continued a policy or custom under which unconstitutional practices occurred, or was grossly negligent in managing subordinates. In order to maintain his claim against defendant Lindsay, plaintiff must allege personal involvement in the alleged deprivation of his constitutional rights. Plaintiff may also amend the complaint to name individual medical staff members or other prison employees who may be held liable for a deprivation of his constitutional rights.

5

D. Possible Claims under the Federal Tort Claims Act

In light of plaintiff's *pro se* status, the Court has also considered whether his claims could be brought under the Federal Tort Claims Act ("FTCA"). The FTCA waives sovereign immunity and permits some suits for damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In order to bring a claim in federal district court pursuant to the FTCA, a claimant must first exhaust his administrative remedies within the federal agency, see 28 U.S.C. § 2675(a); Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005), and he must name the United States as the defendant.

Here, plaintiff seeks to hold the BOP liable for his injuries. He appears to have filed an administrative tort claim on February 22, 2008. The complaint includes a Standard Form 95 ("Claim for Damage, Injury, or Death"), in which he asserted "injury to my lower back and left hip and my left thigh and lower leg," resulting from the fall from the upper bunk, caused by the denial of medication. (Complaint at 17.) However, he includes no information or documentation concerning the outcome of this administrative claim. Accordingly, it is impossible for the Court to determine if his claim was properly exhausted pursuant to the FTCA.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted. The Court grants plaintiff thirty (30) days in which to file an amended complaint to name as defendants the individuals responsible for the alleged denial of his constitutional rights while incarcerated at the MDC. Plaintiff must specify the dates and any facts supporting his claims, including the personal involvement of each named defendant. To the extent that plaintiff seeks to pursue a remedy pursuant to the FTCA, he must name the United States as a defendant and provide information about the resolution of his February 22, 2008 administrative tort claim or any other efforts to exhaust his administrative remedies. He should include any additional documentary evidence, if available. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. All further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ Judge Raymond J. Dearie
RAYMOND J. DEARIE
United States District Judge

Dated: Brooklyn, New York
September 21, 2009