UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BRIAN K. ROBINSON,

                Plaintiff,

    - against -

WARDEN CAMERON LINDSAY,
CORRECTION OFFICER, MEDICAL
TECHNICIAN and ATTENDING PHYSICIAN
ON DUTY,

                Defendants.
------------------------------------------------------------------x

**MEMORANDUM & ORDER**

09 CV 2852 (RJD) (SMG)

DEARIE, District Judge.

    Plaintiff Brian Robinson, proceeding pro se and in forma pauperis, seeks $10 million on account of his allegedly falling from a six-foot-high bunk in his cell at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, where he was housed briefly during a transfer between facilities. Plaintiff alleges a pair of missteps by MDC employees: the failure to provide him with necessary medication, which allegedly made him fatigued; and the prior failure to grant his request for a bottom bunk, which, when combined with his dizziness from the lack of medication, set the table for his alleged tumble. In a previous Memorandum and Order, the Court directed plaintiff to substantiate his allegations. Because he has not, his amended complaint is dismissed without prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## Background

    The relevant allegations are summarized in this Court's Memorandum and Order, dated September 2, 2009, analyzing plaintiff's initial complaint sua sponte.[1] (Dkt. #20, at 1-2.) In that

---

[1] The original complaint named only the MDC and its then-warden, Cameron Lindsay, as defendants.

decision, the Court dismissed plaintiff's claims for money damages under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act and ordered plaintiff to amend his complaint within thirty days to include allegations required for the Court to evaluate his claims under other theories.

Specifically, the Court noted that "[p]laintiff's claim of deliberate indifference to his medical needs may suggest a possible violation of his constitutional rights under the Eighth Amendment," redressable in an action brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Accordingly, the Court instructed plaintiff to name as defendants only those MDC staff members who were involved in the events in question and to "specify the dates and any facts supporting his claims, including the personal involvement of each named defendant." (Dkt. #20, at 7.) Furthermore, construing the complaint as potentially stating a claim under the Federal Tort Claims Act ("FTCA"), and observing (from the complaint's attachments) that plaintiff appears to have completed the required notice of claim, the Court directed: "To the extent that plaintiff seeks to pursue a remedy pursuant to the FTCA, he must name the United States as a defendant and provide information about the resolution of his February 22, 2008 administrative tort claim or any other efforts to exhaust his administrative remedies." (Dkt. #20, at 7.)

On April 20, 2010, plaintiff submitted an amended complaint. (Dkt. #31.) The amended complaint's allegations are substantively identical to those appearing in the initial complaint.[2] The only differences between the two are that the amended complaint (a) is typewritten and (b) includes a cover page describing plaintiff's desire to add the following people as defendants: "Correction Officer"; "Medical Technician"; and "Attending Physician on Duty." (Id. at 1.)

---

[2] The amended complaint contains ADA and Rehabilitation Act claims. Those claims, however, were dismissed as a matter of law with respect to all potential defendants. (See dkt. #20, at 3-4.)

2

Defendants move to dismiss plaintiff's Bivens claim and request that the Court substitute the United States as the sole defendant for any FTCA claim. Plaintiff did not file opposition papers. Instead, he asks the Court to stay the proceedings and to appoint counsel to assist him in prosecuting his "strong case" against defendants. (Dkt. #41, at 3.) The Court declines both requests and dismisses the complaint.

## Discussion

*Plaintiff's potential Eighth Amendment claim*

In his amended complaint, plaintiff lists as defendants the Correction Officer, Medical Technician and Attending Physician on Duty who allegedly interacted with plaintiff during his brief stay at the MDC. Simply placing these employees in the caption of the case does not support the inference that any one of them, let alone all of them, disregarded plaintiff's serious medical needs "while actually aware of a substantial risk that serious inmate harm w[ould] result." Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006). That plaintiff fails to identify the individual defendants by name at this stage is unimportant. "[C]ourts have rejected the dismissal of suits against unnamed defendants described by roles . . . until the plaintiff has had some opportunity for discovery to learn the identities of responsible officials." Davis v. Kelly, 160 F.3d 917, 921 (2d Cir. 1998); see also Arar v. Ashcroft, 585 F.3d 559, 591 (2d Cir. 2009) ("It should not be forgotten that the full name of the Bivens case itself is Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics." (Sack, J., dissenting in part)).

Absent specific allegations regarding what actions each of these MDC employees took (or failed to take) regarding the administration of his medication or treatment of his alleged injuries, however, plaintiff fails to state a Bivens claim.[3] Despite the Court's prior instruction,

---

[3] This being the case, the Court will not address whether the MDC's administrative remedies were "available" to plaintiff – whose alleged injuries occurred seven days before he was

plaintiff does not "specify the dates and any facts supporting his claims, including the personal involvement of each named defendant." (Dkt. #20, at 7.) Plaintiff does not explain, for example, how the defendant MDC "officials were on notice of [plaintiff]'s medical needs [or] aware of the improper administration of his medications, yet failed to address the situation." Thomas v. Ashcroft, 470 F.3d 491, 497 (2d Cir. 2006). Nor does plaintiff suggest how Warden Lindsay – whom plaintiff again names as a defendant – might be liable for any violation, apart from the Warden's being "responsible for ensuring that his subordinates adhere to state [and] Federal Law." (Compl. at 3.) This conclusion does not allege the Warden's personal involvement to the required extent. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir.1994) (listing ways in which a plaintiff might allege the personal involvement of a supervisory defendant in a Bivens action).

The facts gleaned from the existing complaint and attachments, taken together, do not permit a finding of deliberate indifference relating to the deprivation of plaintiff's HIV medication. See Chance v. Armstrong, 143 F.3d 698, 700 n.1 (2d Cir. 1998) ("On a motion to dismiss, the court may consider facts set forth in exhibits attached as part of the complaint as well as those in the formal complaint itself."). In this regard, the proper focus is on the period of "missed HIV medication, rather than on [plaintiff]'s HIV-positive status alone." Smith v. Carpenter, 316 F.3d 178, 187 (2d Cir. 2003). In his Notice of Claim, dated February 22, 2008, plaintiff asserts that "the medication I was taking ran out" and "medical was not, for whatever reasons, able to re-supply me with my medications." (Dkt. #17-5, at 17.) He likewise states that the MDC "was very slow in refilling my medication" and that "I fell because I became dizzy and

---

transferred to another facility – within the meaning of the statute requiring that an inmate exhaust all available remedies before filing a federal constitutional claim against prison employees. See 42 U.S.C. § 1997e(a); cf. Berry v. Kerik, 366 F.3d 85, 88 n.3 (2d Cir. 2004) ("We have no occasion to consider the exhaustion requirement in situations where only a brief interval elapses between the episode giving rise to the prisoner's complaint and the prisoner's transfer to the custody of another jurisdiction.").

4

disoriented." (Id.) A February 27, 2008, Request for Administrative Remedy addressed to officials at plaintiff's transferee facility in Butner, North Carolina, somewhat contradicts the account in the Notice of Claim. In the Administrative Remedy form, plaintiff requests a bottom bunk because his HIV "<u>medication</u> makes me dizzie, nause[ous], and disoriented," causing a "lagitiment [sic] fear I may pass out and fall down the stairs." (Dkt. #17-5, at 23 (emphasis supplied).) In light of these prior contentions made to units of the executive branch, plaintiff's claim of deliberate indifference falls short.

Plaintiff's supposition that his "severe injury was [listed] as a superficial wound" on an MDC injury assessment form to cover up the extent of harm, (Compl. at 3), likewise will not support a <u>Bivens</u> claim. Although it is conceivable that prison employees would elect to downplay the extent of an inmate's injuries caused by the actions or omissions of other prison staff, the existing submissions do not "'nudge [plaintiffs' claim] across the line from conceivable to plausible.'" <u>Vaughn v. Air Line Pilots Ass'n, Int'l</u>, 604 F.3d 703, 710 (2d Cir. 2010) (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1951 (2009)) (alteration in original). The diagnosis contained in the assessment form, a copy of which accompanies the initial complaint, notes that plaintiff suffered a "superficial injury" requiring "Minor First Aid" after he "scraped [his left] leg against the other bed." (Dkt. #17-5, at 8.) The remaining exhibits submitted by plaintiff concern his subjective reports of discomfort and consequent medical testing during his incarceration in North Carolina. None suggests that plaintiff lodged similar complaints with staff at MDC, or otherwise evinces a serious, ongoing, objectively verifiable medical need of which MDC officials must have been aware but deliberately ignored. And plaintiff submits no express allegation to this effect.

In short, although the Court previously allowed plaintiff the opportunity to advance a non-pleaded Bivens claim, "no non-conclusory allegations suggest that [defendants] acted with a sufficiently culpable state of mind." Whitfield v. O'Connell, 402 F. App'x 563, 566 (2d Cir. 2010) (citing Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005)). At best, the skeletal narrative created by plaintiff's submissions "tends to show that Defendants may have been negligent. But negligence is insufficient to support an Eighth Amendment claim" against individual prison officials. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010).

*Plaintiff's potential FTCA claim*

Negligence will, however, support an FTCA claim against the federal government as a whole.[4] Defendants concede as much and request that the United States be substituted as a defendant to the action. See 28 U.S.C. §§ 1346(b), 2679(d). The Court would grant this request if it were persuaded that it had jurisdiction to hear the dispute. See Makarova v. United States, 201 F.3d 110, 113 (2000) (affirming dismissal of the plaintiff's FTCA claim under Rule 12(b)(1) because "the district court lack[ed] the statutory or constitutional power to adjudicate it").

"When an action is brought against the United States government, compliance with the conditions under which the government has agreed to waive sovereign immunity is necessary for subject matter jurisdiction to exist." Williams v. United States, 947 F.2d 37, 39 (2d Cir. 1991). Accordingly, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993); see 28 U.S.C. § 2675(a) (requiring that a plaintiff, before commencing a tort suit against the

---

[4] Plaintiff may not bring an Eighth Amendment claim against the government because "Congress has not waived the government's sovereign immunity . . . from lawsuits based on constitutional claims." King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999).

6

government, file a notice of claim with the appropriate federal agency); id. § 2401(b) (requiring that the notice be filed "within two years after [the] claim accrues" and that any lawsuit be commenced "within six months after . . . notice of final denial of the claim"). The FTCA's "requirement that a notice of claim be filed is jurisdictional and cannot be waived." Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir. 1983).

This Court previously directed plaintiff to "name the United States as a defendant and provide information about the resolution of his February 22, 2008 administrative tort claim or any other efforts to exhaust his administrative remedies." (Dkt. #20, at 7.) Plaintiff does neither. The Court thus cannot tell whether plaintiff in fact submitted his notice of claim to the appropriate federal agency, whether that agency denied his claim and whether this lawsuit was commenced within six months of the denial, if any. But "'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (quoting Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998)). Hence, the Court may not fill these gaps in plaintiff's favor.

Moreover, a "'party's pro se status does not exempt [that] party from compliance with relevant rules of procedural and substantive law.'" Evans v. Nassau County, 184 F. Supp. 2d 238, 242 (E.D.N.Y. 2002) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)). In general, courts apply a "more flexible standard to evaluate" pro se pleadings because "most pro se plaintiffs lack familiarity with the formalities of pleading requirements." Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002) (internal quotation marks omitted). In this case, however, such a concern is mooted by this Court's prior Memorandum and Order. Faced with his initial pleading, the Court recharacterized plaintiff's claims on his behalf and then spelled out

7

precisely what he needed to do to advance those claims. In response to these directions, plaintiff resubmitted the same pleading. That pleading, as it did previously, fails to state a cognizable claim for relief.

## Conclusion

For the reasons given above, the Court dismisses plaintiff's amended complaint without prejudice. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
September 1, 2011

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge